IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY GREEN                                                                                              PLAINTIFF

v.                              Civil No. 4:13-cv-04043

BROOKSHIRE GROCERY COMPANY;
CHRISTOPHER BELT; JOHN PONDER;
JAMIE TYLER GLANTON; CORP.
ERIC ZIMMER; and OFFICER
JENNIFER MARTIN                                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Gregory Green, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Hempstead County Detention Center ("HCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff filed his Complaint on April 24, 2013 ECF No. 1. In his Complaint, Plaintiff alleges his constitutional rights were violated on November 20, 2012 during an incident and arrest at the SuperOne Foods Grocery Store in Hope, Arkansas. According to Plaintiff, while shopping

1

at SuperOne, he was approached by the store manager Chris Belt and told he was banned from the store and ordered to leave.  Plaintiff emptied the four packs of batteries he had in his pocket on to the checkout counter and attempted to leave the store.[1]  ECF No. 1, p. 7.  When Plaintiff attempted to leave Belt stepped in front of Plaintiff causing Plaintiff to "stumble" into Belt.  ECF No. 1, pp. 7-9.  Plaintiff stepped back from Belt, and the market manager, John Ponder, placed him, the Plaintiff, in a choke hold from behind and brought Plaintiff to the floor.  ECF No. 1, p. 9.  Then Belt, Ponder, and a fellow SuperOne employees, Jamie Tyler Glaton, dragged Plaintiff to the store break room.  ECF No. 1, p. 9.  Once in the break room, Belt, Ponder, and Glaton pinned Plaintiff to the floor with their knees and feet until police arrived.  ECF No. 1, p. 9.

Hope City Police Officers Eric Zimmer and Jennifer Martin responded to the incident with Plaintiff at SuperOne.  Once the officers were on the scene, Plaintiff was released by the store employees, handcuffed by the Officers, and placed in a chair.  ECF No. 1, p. 11.  Plaintiff claims the employees and the Officers then conspired against him regarding how he would be arrested.  ECf No. 1, p. 11.

Approximately twenty minutes after being detained, Plaintiff began complaining of injuries to his neck, back, arms, and rib cage.  ECF No. 1, p. 12.  Belt asked Plaintiff if he needed an ambulance and Plaintiff said he did.  According to Plaintiff, Officer Zimmer told Belt not to call and ambulance because Officer Zimmer would take Plaintiff to the emergency room.  ECF No. 1, p. 12. Officer Zimmer did not take Plaintiff to the emergency room but instead took him straight to the HCDC for booking.  ECF No. 1, p. 13.

---

[1] From Hope Police Department Statements Plaintiff attached to his Complaint the Court learned SuperOne employees observed Plaintiff stuffing batteries into his jacket pocket prior to this encounter between Belt and Plaintiff.

Plaintiff alleges that he has taken pain medication since this incident and he is still in pain and a knot is growing in his neck.  ECF No. 1, p. 16.  Plaintiff requests as relief that he be given a position in the SuperOne Foods Corporate Office and be paid $150,000 annual salary plus full benefits.

## II. DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Plaintiff claims his constitutional rights were violated by the incident on November 20, 2012 at the SuperOne Foods store in Hope, Arkansas ("SuperOne").  Plaintiff names as Defendants Brookshire Grocery Company[2] and three SuperOne employees—Christopher Belt, John Ponder, and Jamie Tyler Glanton (collectively "SuperOne Defendants").  Plaintiff also names two Hope City Police Officer—Zimmer and Martin (collectively "Hope Defendants").

Section 1983 authorizes a private right of action against persons who, acting under color of state law, deprives the plaintiff of "any rights, privileges, or immunities secured by the Constitution . . .." *Moore v. City of Desloge*, 647 F.3d 841, 846 (8th Cir. 2011).  To state a valid claim under section 1983, the Plaintiff must show the actor was acting under color of state law when he allegedly violated the Plaintiff's constitutional rights.  *See West v. Atkins*, 487 U.S. 42,

---

[2] Brookshire Grocery Company apparently owns SuperOne Foods in Hope, Arkansas.

48 (1988). More simply, only a state actor can be held liable under section 1983. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). A grocery store, however, may be considered a state actor if it is "acting jointly with police when the police detain accused shoplifters without making an independent investigation or pursuant to a customary plan between the store and police department." *Id.* (citing *Murray v. Wal-Mart, Inc.,* 874 F.2d 555, 558-59 (8th Cir. 1989) (holding Wal-Mart liable under section 1983 because it acted in concert with the police department by having a standing practice of working with police to prosecute shoplifters, a store security guard that was a police employee, and the fact the police relied solely on this guard's incomplete version of the events rather than conducting an independent investigation). A grocery store is not considered a state actor when the store employee who witnessed the incident was not an employee of the police department and the police officer that responded to the incident conducted his own inquiry into the incident. *See Youngblood*, 266 F.3d at 855.

     Here, while Plaintiff claims in his Complaint that the Hope Defendants and the SuperOne Defendants conspired against him to effectuate his arrest, the documents he attached to his Complaint contradict this claim. A Brookshire Grocery Company Crime and Theft Report and the statements of Ponder and Glanton taken by Officer Martin are attached to the Complaint showing that the Hope Defendants independently investigated the incident. Additionally, there are no allegations that the SuperOne Defendants had any customary plan with the Hope Police Department to arrest and prosecute shoplifters or that any of the SuperOne Defendants were also employed by the Hope Police Department. Therefore, I find this case is analogous to *Youngblood* and the SuperOne Defendants cannot be considered state actors. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). As the SuperOne Defendants are not state actors,

4

Plaintiff has not stated a cognizable claim against them under section 1983. *Id.*

The Hope Defendants, however, were acting under color of state law when they arrested Plaintiff, allegedly denied him medical care, and transported him to the HCDC. Therefore, Plaintiff's claims against Defendants Zimmer and Martin remain. Service will be addressed by separate order.

### III.  CONCLUSION

Accordingly, I recommend Plaintiff's claims against Defendants Brookshire Grocery Company, Christopher Belt, John Ponder, and Jamie Tyler Glanton be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2013.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE