IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY GREEN                                                                                           PLAINTIFF

v.                                            Civil No. 4:13-cv-04043

ERIC ZIMMER; and OFFICER
JENNIFER MARTIN                                                                                      DEFENDANTS

## ORDER

Plaintiff Gregory Green filed this case *pro se* and *in forma pauperis* on April 24, 2013 under 42 U.S.C. § 1983. ECF No. 1. Currently before the Court are Plaintiff's (1) Motion for Clerk to Enter Default (ECF No. 16); (2) Motion for Default Judgment (ECF No. 18); and (3) Motion for Leave to File an Amended Motion for Default Judgment (ECF No. 21). Defendants responded to all of the Motions. ECF No. 17, 20, & 22.

     1.     <u>Motion for Clerk to Enter Default Judgment (ECF No. 16)</u>

Pursuant to Federal Rule of Civil Procedure 55: [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of a default under Rule 55(a) must proceed the grant of a default judgment under Rule 55(b). *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998). It is within the discretion of the Court to determine whether a default judgment should be entered against a party under Rule 55(b). *See Ackra,* 86 F.3d at 856. Entry of default judgment, however, is not favored and "should be a rare judicial act." *In re Jones*

*Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted). When a default judgment is sought for a party's failure to defend, the Court must consider whether the party's actions were "willful violations of court rules, contumacious conduct, or intentional delays." *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Id.*

Plaintiff argues in his Motion that the Clerk should enter a default against Defendants because they failed to answer his Complaint within twenty (20) days of service of the Complaint.

According to the Federal Rules of Civil Procedure, a defendant must serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Further, the Federal Rules of Civil Procedure state that service of an answer to a complaint may be made by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(a)(1)(B), 5(b)(2)(C).

Here, the proof of service reflect service was executed on Defendants on May 28, 2013. ECF Nos. 13-14. Defendants electronically filed their Answer with the Court on June 18, 2013. To this Answer, Defendants attached a Certificate of Service stating they certify to the Court that on June 18, 2013 they mailed, via Certified Mail, a true and correct copy of the Answer to Plaintiff at 312 S. Washington Street, Hope, Arkansas 71802 (Plaintiff's address of record). Additionally, in their Response to Plaintiff's Motion, Defendants state they served Plaintiff a copy of the Answer via Certified Mail on June 18, 2013. ECF No. 17. Therefore, Plaintiff was served with Defendants' Answer within twenty-one (21) days of Defendants being

served with his Complaint pursuant to the Federal Rules of Civil Procedure.

Accordingly, Defendants timely served their Answer, and Plaintiff is not entitled to entry of a default judgment and his Motion for Clerk to Enter Default (ECF No. 16) is hereby **DENIED**.

  2. <u>Motion for Default Judgment (ECF No. 18)</u>

Plaintiff filed his Motion for Default Judgment on June 24, 2013.  ECF No. 18. Plaintiff subsequently filed a Motion for Leave to File an Amended Motion for Default Judgment on July 11, 2013.  ECF No. 21.  In the Motion to Amend, Plaintiff states that he would like to amend his Motion for Default Judgment in order to add more information regarding Defendants' "untimely" Answer to his Complaint.  ECF No. 21.

As the Court grants the Motion to Amend below, it finds Plaintiff's original Motion for Default Judgment is moot.  Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 18) is **DENIED** as moot.

  3. <u>Motion for Leave to File Amended Motion for Default Judgment (ECF No. 21)</u>

In his Motion for Leave to File Amended Motion for Default Judgment, Plaintiff seeks to amend his Motion for Default Judgment in order to add more information regarding Defendants' "untimely" Answer to Plaintiff's Complaint.  ECF No. 21.  Plaintiff includes in his Motion for Leave his Amended Motion for Default Judgment. Additionally, the Amended Motion does in fact include additional information and arguments by Plaintiff as to the issue of default.

The Court finds good cause for the amendment.  Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File Amended Motion for Default Judgment (ECF

No. 21) and **DIRECTS** the Clerk to file the Motion for Leave to File Amended Motion for Default Judgment as Plaintiff's Amended Motion for Default Judgment.

    **IT IS SO ORDERED this 30th day of December 2013.**

                                                  /s/ Barry A. Bryant  
                                                  HON. BARRY A. BRYANT  
                                                  UNITED STATES MAGISTRATE JUDGE