IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

GREGORY GREEN                                                                                    PLAINTIFF

        v.                         Civil No. 4:13-cv-04043

ERIC ZIMMER; and OFFICER
JENNIFER MARTIN                                                                               DEFENDANTS

**<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

      Plaintiff Gregory Green proceeds in this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Now before the Court is Plaintiff's Amended Motion for Default Judgment. ECF No. 31.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.    BACKGROUND**

      Plaintiff filed his Complaint on April 24, 2013 ECF No. 1. In his Complaint, Plaintiff alleges his constitutional rights were violated on November 20, 2012 during an incident and arrest at the SuperOne Foods Grocery Store in Hope, Arkansas. According to Plaintiff, while shopping at SuperOne, he was involved with an altercation with store employees and the police were called.

      Hope City Police Officers Eric Zimmer and Jennifer Martin responded to the incident with Plaintiff at SuperOne. Once the officers were on the scene, Plaintiff was released by the store

employees, handcuffed by the Officers, and placed in a chair.  ECF No. 1, p. 11.  Plaintiff claims the employees and the Officers then conspired against him regarding how he would be arrested.  ECf No. 1, p. 11.

Approximately twenty minutes after being detained, Plaintiff began complaining of injuries to his neck, back, arms, and rib cage.  ECF No. 1, p. 12.  Belt asked Plaintiff if he needed an ambulance and Plaintiff said he did.  According to Plaintiff, Officer Zimmer told Belt not to call and ambulance because Officer Zimmer would take Plaintiff to the emergency room.  ECF No. 1, p. 12.  Officer Zimmer did not take Plaintiff to the emergency room but instead took him straight to the HCDC for booking.  ECF No. 1, p. 13.

Plaintiff's claims against the store employees were dismissed at the screening stage leaving only his claims against Defendants Zimmer and Martin.  ECF No. 24.

On June 19, 2013, Plaintiff filed a Motion for Clerk to Enter Default Judgment against Defendants Zimmer and Martin.  ECF No. 16.  On June 24, 2013, Plaintiff filed a Motion for Default Judgment against Defendants Zimmer and Martin.  ECF No. 18.  Finally, on July 11, 2013, Plaintiff filed a Motion to Amend his Motion for Default Judgment.  ECF No. 21.  On December 30, 2013, the Court denied Plaintiff's Motion for Clerk to Enter Default Judgment, denied Plaintiff's Motion for Default Judgment as moot, and granted Plaintiff's Motion to Amend Motion for Default Judgment.  ECF No. 30.  Plaintiff's Amended Motion for Default Judgment was filed on December 30, 2013.  ECF No. 31.

In his Amended Motion for Default Judgment, Plaintiff argues Defendants are in default for filing an "untimely" Answer to his Complaint.  Plaintiff alleges his Complaint was served on Defendants Zimmer and Martin on May 28, 2013 and no answer was "filed" with Plaintiff by June

18, 2013.  Plaintiff also alleges that "[d]efault was entered by docket number 16 on June 19, 2013. Plaintiff does concede that Defendants filed an answer with the Court, through the CM/ECF system, on June 18, 2013 but relies on the fact that he did not receive this Answer on the same day as the basis for his Amended Motion for Default Judgment.  ECF No. 31.  Plaintiff also attaches to his Amended Motion the envelope he received that contained Defendants' Answer.

Defendants argue in their Response that their Answer was timely filed on June 18, 2013 the date it was due and Plaintiff was mailed a copy of such Answer on the same day.  ECF No. 23.

## II.   APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 55: [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Entry of a default under Rule 55(a) must proceed the grant of a default judgment under Rule 55(b).  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).  It is within the discretion of the Court to determine whether a default judgment should be entered against a party under Rule 55(b).  *See Ackra,* 86 F.3d at 856.  Entry of default judgment, however, is not favored and "should be a rare judicial act."  *In re Jones Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted). When a default judgment is sought for a party's failure to defend, the Court must consider whether the party's actions were "willful violations of court rules, contumacious conduct, or intentional delays."  *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted). "[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time requirements."  *Id.*

### III.  DISCUSSION

As an initial matter, the Court notes that no default has been entered against Defendants as claimed by Plaintiff.  The document filed at docket number 16 was merely Plaintiff's Motion for Entry of Default by Clerk which the Court denied.  ECF No. 30.

While Plaintiff concedes that Defendants filed an answer with the Court, through the CM/ECF system, on June 18, 2013, he relies on the fact that he did not receive this Answer on the same day as the basis for his Amended Motion for Default Judgment.  ECF No. 31.

In their Response, Defendants argue that Plaintiff misinterprets the meaning of serve or service as it relates to service of an answer in the Federal Rules of Civil Procedure, and that Defendants did timely serve Plaintiff with a copy of their Answer.  Further, Defendants point to the envelope Plaintiff attached to his Amended Motion in which they mailed Plaintiff Defendants' Answer.  This envelope is postmarked June 18, 2013.  ECF No. 21-1.

According to the Federal Rules of Civil Procedure, a defendant must serve an answer "within 21 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  Further, the Federal Rules of Civil Procedure state that service of an answer to a complaint may be made by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(a)(1)(B), 5(b)(2)(C).

Here, the proofs of service reflect service was executed on Defendants on May 28, 2013.  ECF Nos. 13-14.  Defendants electronically filed their Answer with the Court on June 18, 2013.  ECF No. 15  To this Answer, Defendants attached a Certificate of Service stating they certify to the Court that on June 18, 2013 they mailed, via Certified Mail, a true and correct copy of the Answer to Plaintiff at 312 S. Washington Street, Hope, Arkansas 71802 (Plaintiff's

address of record at the time).  Additionally, Defendants point to the envelope Plaintiff attached to his Amended Motion.  This envelope was the envelope sent to Plaintiff containing Defendants' Answer and it is postmarked June 18, 2013.  Therefore, the record is clear that Defendants did in fact mail Plaintiff a copy of the Answer on June 18, 2013, and Plaintiff did in fact receive the Answer.

Accordingly, Defendants satisfied the Federal Rules of Civil Procedure in timely serving Plaintiff with their Answer to his Complaint.

### IV.     CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Amended Motion for Default Judgment (ECF No. 31) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 30th day of December 2013.**

                                         /s/ Barry A. Bryant
                                         HON. BARRY A. BRYANT
                                         UNITED STATES MAGISTRATE JUDGE