IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


GREGORY GREEN                                                                                   PLAINTIFF

            v.                      Civil No. 4:13-cv-04043

BROOKSHIRE GROCERY COMPANY;
CHRISTOPHER BELT; JOHN PONDER;
JAMIE TYLER GLANTON; CORP.
ERIC ZIMMER; and OFFICER
JENNIFER MARTIN                                                                               DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff, Gregory Green, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Arkansas Department of Correction East Arkansas Regional Unit in Marianna, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before me are (1) Defendants' Motion for Summary Judgment (ECF No. 41); and (2) Plaintiff's Motion for Summary Judgment (ECF No. 44).  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

      Plaintiff filed his Complaint on April 24, 2013.  ECF No. 1.  In his Complaint, Plaintiff named Officer Zimmer and Officer Martin of the Hope Police Department as Defendants.[1]  In his

---

[1] Plaintiff also made additional claims against SuperOne employees in his Complaint, but those claims were dismissed at the screening stage of this litigation.  ECF No. 24.

1

Complaint, Plaintiff alleges his constitutional rights were violated on November 20, 2012 after his arrest at the SuperOne Foods Grocery Store in Hope, Arkansas.  Specifically, Plaintiff claims Defendants Zimmer and Martin denied him medical care of injuries to his neck, back, arms, and rib cage.  ECF No. 1, p. 12.  According to the Complaint, a SuperOne employee asked Plaintiff if he needed an ambulance and Plaintiff said he did but Defendant Zimmer said not to call an ambulance because Defendant Zimmer would take Plaintiff to the emergency room.  ECF No. 1, p. 12.  Defendant Zimmer, however, did not take Plaintiff to the emergency room but instead took him straight to the HCDC for booking.  ECF No. 1, p. 13.

Plaintiff claims that he has taken pain medication since this incident and he is still in pain and a knot is growing in his neck.  ECF No. 1, p. 16.  As relief, Plaintiff requests that he be given a position in the SuperOne Foods Corporate Office and be paid $150,000 annual salary plus full benefits.

Defendants filed a Motion for Summary Judgment on November 10, 2014.  ECF No. 41.  Defendants argue Plaintiff failed to state a claim for denial of medical care against Defendants Zimmer and Martin because Plaintiff did not suffer from an objectively serious medical need.  Further, Defendants argue even if Plaintiff did suffer from an objectively serious medical need, he cannot show Defendants were deliberately indifferent to such a need.  Additionally, Defendants argue they are entitled to qualified immunity.  ECF No. 42.

Plaintiff filed a Motion for Summary Judgment on November 12, 2014.  In this Motion, Plaintiff argues there are no genuine issues of material fact regarding his denial of medical care claim because he was diagnosed as having injuries needing medical attention and Defendants actually knew of this need.  ECF No. 45.  Plaintiff makes this same argument in response to

Defendants' Motion. I will first analyze Defendants' Motion as it was filed first in time and then if necessary I will analyze Plaintiff's Motion.

## 2. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 3. DISCUSSION

Defendants allege they are entitled to qualified immunity in response to Plaintiff's claim of denial of medical care. In addressing qualified immunity, I must employ a two-step process. *Moore v. Indehar*, 514 F.3d 756, 759 (8th Cir. 2008). First, considering the facts in the light most

favorable to Plaintiff, I must determine whether the Defendants' conduct violated a constitutional right. *Id.* (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). If the Court determines a constitutional violation has been established, "only then must [the Court] consider whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted." *Id.* (internal quotations omitted).

Accordingly, I will first determine whether the facts alleged by Plaintiff show Defendants' conduct violated Plaintiff's constitutional rights. As noted above, I must consider the facts in the light most favorable to Plaintiff. *McCoy v. City of Monticello,* 342 F.3d 842, 846 (8th Cir. 2003).

Here Plaintiff is claiming Defendants Zimmer and Martin, police officers, denied him medical attention after they arrested him. Accordingly, Plaintiff's claim of denial of medical care is properly analyzed under the Due Process Clause of the Fourteenth Amendment. *See Carpenter v. Gage,* 686 F.3d 644, 650 (8th Cir. 2012) (citing *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009); *Spencer v. Knapheide Truck Equipment Co.,* 183 F.3d 902, 905 & n. 3 (8th Cir. 1999)). The Eighth Circuit Court of Appeals has previously explained:

> [T]he due process analysis applicable in this situation parallels that under the Eighth Amendment, because pretrial detainees are entitled to the same protection as imprisoned convicts. *Davis v. Or. Cnty., Mo.,* 607 F.3d 543, 548 (8th Cir. 2010). And we have said that any distinction between a 'pretrial detainee' and an 'arrestee' does not affect the analysis. *Spencer,* 183 F.3d at 905 n. 3.

*Carpenter,* 686 F.3d at 650.

To be successful on his denial of medical care claim Plaintiff must show: (1) that he suffered from an objectively serious medical need; and (2) that Defendants had actual knowledge of this need but deliberately disregarded it. *Id.; see also Jolly v. Knudsen,* 205 F.3d 1094, 1096

4

(8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, the Plaintiff must show "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Laganiere v. County of Olmsted,* 772 F.3d 1114, 1116-7 (8th Cir. 2014) (internal quotations omitted). The official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

It is undisputed that on November 20, 2012, Plaintiff engaged in a physical altercation with SuperOne employees before Defendants arrived on the scene. Defendants were aware of this physical altercation. When Defendants arrived they observed the SuperOne employees restraining Plaintiff on the ground. Defendants then helped Plaintiff to his feet, handcuffed him, and sat him in a chair. At some point while still at the SuperOne location, Plaintiff complained of injuries and pain in his neck, back, arms, and ribs, and requested medical attention. ECF Nos. 1, 43, 49. Defendants observed Plaintiff turning his head side to side and moving freely as though he was not in pain. ECF No. 42-4. Further, it is undisputed that Plaintiff did not have any visibly broken bones, was able to walk and breath, and was not visibly bleeding. ECF No. 42-7. Defendants transported Plaintiff directly from SuperOne to the Hempstead County Detention Center without

taking him to the hospital.  ECF Nos. 43, 49.

Ⅰ The record indicates it is disputed as to whether Plaintiff declined medical treatment.  Defendants claim they asked Plaintiff as they were loading him into the squad car whether he still wanted to go to the hospital but Plaintiff declined and asked to be taken straight to jail.  ECF No. 43.  Plaintiff denies this allegation and states he consistently requested medical attention.  ECF No. 49.  As this is a qualified immunity analysis, I will analyze the denial of medical care claims using Plaintiff's version of events.  *McCoy,* 342 F.3d at 846.

Ⅰ Plaintiff argues he did suffer an objectively serious medical need because he was diagnosed by Nurse McLean with a broken rib requiring treatment in December 2012.  ECF No. 49, Ex. G.  The record is unclear as to this point.  The medical request form cited by Plaintiff at Exhibit G to support his argument does not indicate he was diagnosed with a broken rib as he claims.  ECF No. 49, Ex. G.  However, Plaintiff stated in his deposition that he was diagnosed by Nurse McLean with a broken rib.  ECF No. ECF No. 42, Ex. 7.  Because this is a qualified immunity analysis, I will consider the facts in light most favorable to Plaintiff and assume for purposes of this Report and Recommendation that Plaintiff did in fact suffer a broken rib.  *See McCoy,* 342 F.3d at 846.  Therefore, I will proceed under the assumption that Plaintiff did in fact suffer an objectively serious medical need of a broken rib after he was arrested.  *See Hunter v. City of New York,* 35 F.Supp.3d 310, 320 (E.D.NY Aug. 11, 2014).

Ⅰ Even if Plaintiff suffered a broken rib on November 20, 2012, however, there is no evidence on the record to indicate Defendants were deliberately indifferent to this need.  Taking the facts as alleged by Plaintiff, the record indicates while Defendants were aware that Plaintiff was involved in a physical altercation, neither of them witnessed the altercation.  Plaintiff requested

6

medical treatment from Defendants, and complained of pain and injuries to his neck, back, arms, ribs, and area of gall bladder. Plaintiff did not, however, dispute the fact that he had no outward signs of any injuries and he was able to walk, talk, breath, and move around in a manner that suggested he was not in any pain.

While Plaintiff argues in his Response, that Defendants knew of his broken rib and failing to provide him medical care posed a substantial risk to Plaintiff's health, there is no evidence to support this argument. Even considering the facts alleged by Plaintiff, I do not find Defendants knew that failing to take Plaintiff to hospital posed a substantial risk to his health. *See Carpenter v. Gage,* 686 F.3d at 651 (holding that deputies failure to take arrestee suffering from a stroke to the hospital before the jail did not amount to deliberate indifference because there was insufficient evidence that a need for medical treatment was so obvious that the deputies exhibited deliberate indifference). Even with Plaintiff's request for medical care, it is undisputed Plaintiff had no obvious symptoms of injury. Plaintiff's request for the Defendants to take him to the hospital without more does not show Defendants were deliberately indifferent in failing to take Plaintiff to the hospital before taking him to the HCDC. *See Stetter v. Riddick,* 6 Fed. Appx. 522 (8th Cir. 2001) (holding a jail administrator actions of failing to head a pretrial detainee's request for medical care and complaints of hurt ribs and trouble breathing for two days did not rise to the level of deliberate indifference). Defendants decision, in the circumstances before them and despite Plaintiff's requests to be taken to the hospital, does not amount to deliberate indifference.

Additionally, Plaintiff did eventually receive medical care from Nurse McClean at the HCDC. The record indicates Plaintiff was treated by Nurse McLean on December 7, 2012. ECF No. 49, Ex. G. Therefore, Plaintiff was not denied medical care, but instead his medical care was

delayed.  The "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009).  The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record.  *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).  Plaintiff has presented no such evidence.  Nurse McLean's diagnosis on December 7, 2012 simply indicates Plaintiff had back and side tenderness which she diagnosed as coastochondrities—an inflamation of the cartilage that connects a rib to the breastbone.[2]  Nurse McClean prescribed some medication and a follow-up visit.  There is no indication that the delay in treatment resulted in a negative prognosis for Plaintiff.

  Accordingly, I find the facts alleged by Plaintiff do not show Defendants' conduct violated Plaintiff's constitutional rights.  Therefore, there is no need to move on to the second part of the qualified immunity analysis to determine whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted.  *Moore*, 514 F.3d at 759.  Defendants' should be granted qualified immunity and their Motion for Summary Judgment should be granted.

  Finally, because I find Defendants did not violate Plaintiff's constitutional rights and recommend granting their Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment should be denied as moot.

---

[2] http://www.mayoclinic.org/diseases-conditions/costochondritis/basics/definition/con-20024454 (June 18, 2015).

**4.     CONCLUSION**

Accordingly, I recommend Defendants' Motion for Summary Judgment (ECF No. 41) be **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 44) be **DENIED** as moot. Further, I recommend Plaintiff's Complaint be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of June 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE